UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
 PATRICIA LAYNE-WILLIAMS,            :
                                     :
                      Plaintiff,     :        22cv340 (DLC)
                                     :
            -v-                      :        OPINION AND ORDER
                                     :
 RADIUS GLOBAL SOLUTIONS, LLC,       :
                                     :
                      Defendant.     :
                                     :
------------------------------------ X

APPEARANCES:

For plaintiff Patricia Layne-Williams:
Abel Luc Pierre
Law Office of Abel L. Pierre, PC
140 Broadway, 46th Floor
New York, NY 10005

For defendant Radius Global Solutions, LLC:
Aaron R. Easley
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, NJ 08822

DENISE COTE, District Judge:

    Patricia Layne-Williams brought this action under the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  The

defendant, Radius Global Solutions, LLC ("Radius Global"), has

moved for summary judgment.  For the following reasons, the

defendant's motion is granted.

**Background**

The following facts are taken from the evidence in the parties' submissions and are undisputed or taken in the light most favorable to the plaintiff unless otherwise noted.  Radius Global is a debt collector and accessed Layne-Williams's credit report as part of its efforts to collect on a debt originally owed to CellCo Partnership (doing business as Verizon Wireless) ("Verizon").

An invoice from Verizon addressed to Patricia Williams and dated December 28, 2016 showed a "Previous Balance" of $838.00 that was "Past Due" and owed to Verizon.  The Verizon invoice listed an address for Williams and an account number.  It advised the Verizon customer that current charges would be due January 23, 2017.

In 2019, this debt was assigned to Jefferson Capital Systems, LLC ("JCAP"), which placed the account with Radius Global for collection on April 14, 2020.  That same day, Radius Global requested a credit report for Layne-Williams from TransUnion, LLC ("TransUnion").

On April 15, 2020, after requesting the report, Radius Global sent a letter notifying Layne-Williams at the address

listed on the Verizon bill[1] that JCAP had placed the account in
her name with Radius Global for collection.  It described the
debt as "Verizon Wireless," listed the Verizon account number,
and identified the "balance due" as $838.  Layne-Williams
asserts that she did not owe a debt of $838 to Verizon.

Layne-Williams filed this action on January 13, 2022,
asserting one claim for violation of the FCRA.  On February 28,
the judge to whom the case was then assigned issued a scheduling
order.  As relevant here, depositions were to be completed by
May 20, fact discovery was to be completed by June 27, and all
discovery was to be completed by August 31.

On April 13, Radius Global filed this motion for summary
judgment.  On May 12, Layne-Williams opposed the motion.  The
motion was fully submitted on May 26.  On August 17, this case
was transferred to this Court.

## Discussion

Summary judgment may be granted only when "the movant shows
that there is no genuine dispute as to any material fact and the

---

[1] The Verizon bill lists an address on "7th Ave." in New York
City, whereas the notification letter lists the same street
number on "Adam Clayton Powell Jr. Blvd."  The Court takes
judicial notice of the fact that Adam Clayton Powell Jr.
Boulevard is another name for the relevant section of 7th Avenue
in New York City.  In any event, the plaintiff does not dispute
that the addresses are the same or that she lived at the address
during the relevant time.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted). Material facts are those facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).

In considering a motion for summary judgment, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted). Nonetheless, "[t]o defeat summary judgment . . . non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts and they may not rely on conclusory allegations or unsubstantiated speculation." Bermudez v. City of New York, 790 F.3d 368, 373–74 (2d Cir. 2015) (citation omitted); see also, e.g., Hubb v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 61 (2d Cir. 2015) ("vague and conclusory statements in [an] affidavit" are insufficient to defeat summary judgment); Rodriguez v. Vill. Green Realty, Inc.,

788 F.3d 31, 44 (2d Cir. 2015) ("conclusory declarations are insufficient to raise a question of material fact").

In general, summary judgment "should not be granted against a party who has not been afforded the opportunity to conduct discovery" because "the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Ass'n of Car Wash Owners Inc. v. City of New York, 911 F.3d 74, 83 (2d Cir. 2018) (citation omitted). Still,

> [a] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (citation omitted); see also Ass'n of Car Wash Owners, 911 F.3d at 83-84; Fed. R. Civ. P. 56(d) (formerly Fed. R. Civ. P. 56(f) (2009)).

The plaintiff asserts that the defendant violated the FCRA when it requested the plaintiff's credit report from TransUnion. The FCRA provides in pertinent part:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> . . .

    (3) To a person which it has reason to believe --

    (A) intends to use the information in connection with a
        credit transaction involving the consumer on whom
        the information is to be furnished and involving
        the extension of credit to, or review or collection
        of an account of, the consumer . . . .

15 U.S.C. § 1681b(a)(3)(A).  It also provides:

    A person shall not use or obtain a consumer report for
    any purpose unless . . . the consumer report is
    obtained for a purpose for which the consumer report
    is authorized to be furnished . . . .

Id. § 1681b(f)(1).

    Under the FCRA, a consumer reporting agency may furnish a
consumer report if it does so pursuant to one of the permissible
purposes enumerated in the statute.  Likewise, a person may
obtain a consumer report if it is obtained for one of the
enumerated purposes.  One permissible purpose exists when the
person requesting the report "intends to use the information in
connection with a credit transaction involving the consumer on
whom the information is to be furnished and involving the
extension of credit to, or review or collection of an account
of, the consumer."  Id. § 1681b(a)(3)(A).  This provision allows
debt collectors access to an individual's credit report when
collecting on a debt.  See, e.g., McChriston v. Diversified
Consultants, No. 18CV185 (VEC), 2019 WL 2912172, at *1 (S.D.N.Y.
July 8, 2019); Braun v. United Recovery Sys., LP, 14 F. Supp. 3d
159, 170 (S.D.N.Y. 2014).

Here, the undisputed evidence is that Radius Global accessed the credit report in the process of collecting a debt purportedly owed by Layne-Williams.  Radius Global is therefore entitled to summary judgment on the plaintiff's claim that Radius Global violated the FCRA.  Layne-Williams advances several arguments in opposition to summary judgment, but each is unavailing.

First, Layne-Williams argues that a collection agency may obtain a credit report only if the debt is "valid and collectable."  Layne-Williams's only evidence that the debt was not valid and enforceable consists of a single sentence in her affidavit that states: "I did not incur and I did not and do not owe any outstanding debt to [Verizon] in the amount of $838.00.00 [sic] or in any other amount."  In her affidavit, she offers no additional explanation for her position.  She does not state, for example, whether she had an account with Verizon that was always timely paid in full or deny ever having a Verizon account.  Nor does she explain whether she received the invoice from Verizon and disputed it.  She does not deny living in 2016 at the address listed in the Verizon bill.  Put simply, she presents no evidence that gives any insight into her position.  Instead, she relies on the conclusory assertion that (for reasons unknown) she did not owe a debt to Verizon.  "[V]ague

and conclusory statements in [an] affidavit," however, are not
enough to survive a motion for summary judgment.  See, e.g.,
Hubb, 799 F.3d at 61.

In any event, the defendant provided evidence that at the
time it requested a credit report for a Patricia Williams living
at the address listed on the Verizon bill, it was acting upon
evidence that a debt to Verizon existed.  That is all that is
required.  See 15 U.S.C. § 1681b(a)(3), (f)(1).  Layne-Williams
does not point to any case in which there was record evidence of
a plaintiff's debt, but a motion for summary judgment was denied
because the plaintiff offered a conclusory assertion that it did
not owe the debt.

Layne-Williams next argues that "the statute makes it clear
that only creditors can pull credit reports" and Radius Global
"is a debt collector who is twice removed from the original
alleged creditor."  This argument also fails.  The statute
allows a "person" to access a report "in connection with a
credit transaction."  Id. § 1681b(a)(3)(A), (f)(1).  There is no
requirement that the "person" obtaining the report be the
original creditor.

Third, Layne-Williams argues that § 1681b is not applicable
because the debt is not a "credit transaction" since Verizon did
not extend her credit.  The FCRA does not define "credit

transaction" but defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor."  15 U.S.C. §§ 1681a(r)(5); 1691a(d). The Verizon invoice reflects a previous balance that was past due.  This reflects a debt incurred for services and thus constitutes a credit transaction.

Finally, Layne-Williams argues that summary judgment is premature because, at the time she filed her opposition to the motion, discovery had not concluded.  Her opposition was filed on May 12; fact discovery concluded on June 27.  The affidavit submitted from plaintiff's attorney in opposition to the motion for summary judgment does not explain what facts are sought to resist the motion or how they would be obtained.  It contains only a single statement regarding discovery: "The parties have undertaken little or no discovery in this matter."  This is insufficient to carry the plaintiff's burden under Rule 56(d). Moreover, plaintiff has offered no reason why she had "undertaken little or no discovery" when fact discovery was to conclude in less than seven weeks.

## Conclusion

Defendant's April 13 motion for summary judgment is granted.   The Clerk of Court shall enter judgment for the defendant and close the case.


Dated:    New York, New York
          November 28, 2022

                                    _____
                                         DENISE COTE
                                    United States District Judge

10